IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| DOUGLAS E. FINK, | ) ) ) ) | CASE NO. 07-36827-H3-7 |
| Debtor, | | |

### MEMORANDUM OPINION

The court has considered "Melissa Lee Gachman's Motion for Relief From the Stay Regarding Divorce Proceedings" (Docket No. 32). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Douglas E. Fink ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 1, 2007. Rodney D. Tow is the Chapter 7 Trustee.

In the instant motion, Melissa Lee Gachman ("Movant"), Debtor's spouse, seeks relief from stay in order to permit her to proceed in the 247th Judicial District Court of Harris County, Texas, and to allow that court "to issue judgments and orders concerning child custody, support, and the division of exempt and

abandoned nonexempt property."  (Docket No. 32).[1]

Debtor and Movant were married on or about June 30, 2003.  Debtor filed a petition for divorce, in the 245th Judicial District Court of Harris County, Texas, on June 12, 2007.  Movant filed a counter-petition for divorce, in the 247th Judicial District Court of Harris County, Texas, and the matters were consolidated in that court.  (Movant's Exhibits 1, 3, 4).

In Debtor's amended petition for divorce, Debtor seeks invalidation of a purported post-nuptual agreement.  (Movant's Exhibit 2).  The purported agreement, which appears to call for Debtor to pay $500,000 to Movant in the event of divorce, bears a date of June 8, 2007, four days before Debtor filed the petition for divorce.  (Movant's Exhibit 5).  Movant seeks enforcement of the purported agreement.  (Movant's Exhibit 4).

Debtor opposes the instant motion, on grounds only the bankruptcy court should determine "the character of the obligations in the post-nuptual agreement between the parties and whether those obligations are dischargeable in bankruptcy."

## Conclusions of Law

Section 362(d)(1) of the Bankruptcy Code provides that the court shall grant relief from the stay, such as by

---

[1] The court notes that this is a form of motion (Form M-300) promulgated by the court for use with regard to divorce proceedings, except that Gachman has modified the form to add the division of abandoned nonexempt property.  The parties stipulate that there are no issues in the instant case with regard to child custody.

terminating, annulling, modifying or conditioning the stay, for cause.  What constitutes "cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code.  Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances.  <u>In re Trident Assoc. L.P.</u>, 52 F.3d 127 (6th Cir. 1995); <u>Claughton v. Mixson</u>, 33 F.3d 4 (4th Cir. 1994); <u>In re Tucson Estates, Inc.</u>, 912 F.2d 1162 (9th Cir. 1990).  The burden of proof rests with the party opposing relief from stay.  11 U.S.C. § 362(g)(2).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed outside this court, the court should consider whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, and whether the creditor has a probability of prevailing on the merits of the case.  <u>In re Namazi</u>, 106 B.R. 93 (Bankr. E.D. Va. 1989).

In the instant case, the parties agree that the stay should be lifted in order to allow the divorce to proceed, but Debtor believes only this court should determine the issues regarding the purported post-nuptual agreement and Movant believes the state court should determine the issues regarding the post-nuptual agreement. Under Texas law, the 247th Judicial District Court has the jurisdiction accorded to Texas courts, and

gives a statutory preference to family law matters.  Tex. Gov. Code § 24.424.  Family courts routinely construe and determine the enforceability of agreements between spouses.  See Tex. Fam. Code § 7.006, see also Hawkins v. Ehler, 100 S.W.3d 534 (Tex. App.--Fort Worth 2003, no writ).  Debtor presented no evidence demonstrating any prejudice to Debtor or the bankruptcy estate.  The court concludes that Debtor has failed to meet the burden of proof with respect to the question of whether the stay should lift for cause, to permit the divorce court to determine the divorce proceeding, including determining whether the purported agreement is enforceable.[2]

      Based on the foregoing, a separate Judgment will be entered granting "Melissa Lee Gachman's Motion for Relief From the Stay Regarding Divorce Proceedings" (Docket No. 32).

      Signed at Houston, Texas on February 22, 2008.

                                          _____
                                          LETITIA Z. CLARK
                                          UNITED STATES BANKRUPTCY JUDGE

---

[2] The court notes, however, that the determination of whether any debt is dischargeable remains within this court's jurisdiction.