

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
09/17/2009

IN RE                  )
                      )
DOUGLAS E. FINK,        )   CASE NO. 07-36827-H3-7
                      )
       Debtor         )
                      )

<u>MEMORANDUM OPINION</u>

Came on for hearing the Trustee's Objection To Debtor's Exemptions and Motion For Turnover (Docket No. 54) filed by Rodney Tow, the Chapter 7 Trustee, and after considering Debtor's Response thereto (Docket No. 65), the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in conjunction herewith. To the extent any Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

Douglas E. Fink, Debtor, filed a voluntary Chapter 7 petition on October 1, 2007. Docket No. 1. Debtor elected the exemptions provided by Texas state law pursuant to 11 U.S.C. § 522(b)(3). Debtor filed original schedules on October 15, 2007 and on October 30, 2007, he amended Schedules B and C. Docket Nos. 9 and 12. On November 21, 2007 Debtor filed his second amended Schedules B, F and H. Docket No. 19. On January 7, 2008, Debtor

filed his third amended Schedules B, C, E, F and H.  Docket No. 35.

The section 341 meeting of creditors was concluded on January 8, 2008.  Upon the Chapter 7 Trustee's motion, the court extended the deadline for filing objections to exemptions to April 7, 2008.  The Chapter 7 Trustee timely filed the instant objection. The Trustee objects to the Debtor's assertion of a family exemption in the amount of $60,000 for personal property.  Additionally, the Trustee objects to Debtor's claimed exemptions of jewelry (as it exceeds the statutory limit of $15,000), Debtor's interest in a trust, and property that is not specifically listed and valued.

A debtor is required to file a schedule of assets, which includes all property of the bankruptcy estate, that is verified or contains an unsworn declaration under penalty of perjury.  Fed. R. Bank. P. 1007(b)(1), Fed. R. Bank. P. 1008.  Section 522(l) provides that the debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section and unless a party in interest objects, the property claimed as exempt on such list is exempt.

Once an exemption has been claimed, it is the objecting party's burden (the Trustee in this case) to prove that the exemption is not properly claimed.  *See* Fed. R. Bankr. P. 4003(c). Initially, this means that the objecting party has the burden of production and the burden of persuasion.  The objecting party must produce evidence to rebut the presumptively valid exemption.  If

the objecting party can produce evidence to rebut the exemption, the burden of proof then shifts to the debtor, who must come forward with unequivocal evidence to demonstrate that the exemption is proper. *See Carter v. Anderson (In re Smith)*, 182 F.3d 1027 (9th Cir. 1999) and cases cited therein. After hearing on notice, the court shall determine the issues presented by the objection. Fed. R. Bank. P. 4003(c). Exemptions claimed by a debtor are determined by the facts and law as they existed on the filing date of the bankruptcy petition. *Matter of Sandoval*, 103 F.3d 20 (5th Cir. 1997); *Stinson v. Williamson (In re Williamson)*, 804 F.2d 1355 (5th Cir. 1986).

The Trustee contends that the Debtor should be limited to a personal property exemption of $30,000 because Debtor does not exhibit the characteristics of the head of a family unit which would support the increased exemption of $60,000 allowed to a family. A family may consist of something less than the traditional husband-wife or wife-mother and children who live together under the same roof. *See Renaldo v. Bank of San Antonio*, 630 S.W.2d 638 (Tex. 1982); *In re Evans*, 25 B.R. 105 (Bankr. N.D. Tex. 1982)(applying Texas law); *In re Barnett*, 33 B.R. 70 (Bankr. N.D. Tex. 1983)(applying Texas law). In order for a family to exist for the purpose of an exemption statute in Texas, the head of the family must be legally or morally obligated to support at least one other family member and there must be a corresponding

dependence upon this support by the family members. *See Matter of Hill*, 972 F.2d 116 (5th Cir. 1992); *In re Finkel*, 151 B.R. 779 (Bankr. W.D. Tex. 1993). A divorced husband contributing to the support of his minor children is entitled to an exemption as the "head of family." *See Woods v. Alvarado State Bank*, 19 S.W.2d 29 (Tex. 1929); *Schulz v. L.E. Wintham & Co.*, 27 S.W.2d 1093 (Tex. 1930); *Crow v. Burmeister*, 26 S.W.2d 447 (Tex.Civ.App.El Paso, 1930, no writ).

On the bankruptcy petition filing date, Debtor was married but separated from his wife. Debtor has one child, a 10 year old son, from a previous marriage. Docket No. 9, Schedule I. Schedule J, which is a list of Debtor's monthly expenditures, reflects child support payments of $1,200. The court took judicial notice of its Judgment, dated February 22, 2008, on a motion to lift stay, which recognized that the Debtor was married on the date of filing. Docket Nos. 50 and 51. The Amended Statement of Financial Affairs (ASOFA) filed by Debtor references the divorce proceeding from his spouse, a child custody proceeding, and the Debtor's payments of child support. Docket No. 35. The Trustee admitted that the Debtor was married on the date of the bankruptcy filing. The Trustee also stipulated that a trust, of which the Debtor is the beneficiary, has provided child support payments for Debtor's child. The Trustee offered no evidence to dispute the fact that Debtor was married on the date the bankruptcy petition

-4-

was filed or that the Debtor pays child support for his minor son. The court finds that the Trustee did not produce evidence to rebut the presumptively valid exemption.  Debtor is entitled to the personal property exemption for a family in the amount of $60,000.

Sections 42.001(a) and 42.002(a)(6) of the Texas Property Code allow an exemption for jewelry not to exceed 25 percent of the aggregate limitations prescribed for exempting personal property. Debtor is entitled to exempt personal property in an amount of no more than $60,000, of which $15,000 is 25 percent.  Thus, in the instant case, $15,000 is the statutory limit for exempting jewelry. Debtor's schedules reflect that he claimed two men's watches with an aggregate value of $19,700 ($15,000 for one watch and $4,700 for the other).  Additionally, Debtor claimed $250.00 for property described as "Men's accessories: costume jewelry, totes, etc." without segregating values for each item.  Trustee's Exhibit No. 1, Amended Schedules B and C.  Without addressing Debtor's exemption claim of $250.00 for men's accessories, Debtor's counsel admitted that the schedules reflected that the jewelry exemption had been exceeded by $4,700.  The schedules, on their face, reflect and the court finds that the statutory limitation for jewelry was exceeded. The Trustee's objection to Debtor's exemption of jewelry is sustained.  The value of Debtor's exemption for jewelry is limited to $15,000.

Debtor listed two "trusts" as personal property on Amended Schedule B but only claimed one as exempt on Amended

-5-

Schedule C, the "Norman Fink 2001 Irrevocable Insurance Trust."[1] The Trustee objects to Debtor's exemption as the Insurance Code does not provide for an exemption of "trusts." Debtor cites Section 1108.051 of the Texas Insurance Code as authority for this exemption.

Section 1108.051 specifically exempts from seizure an insurance policy or annuity contract issued by a life, health, or accident insurance company, including a mutual company or fraternal benefit society, or an annuity or benefit plan used by an employer or individual. The Trustee urges that since the description of the property includes the term "trust," section 1108.051 is inapplicable. The court disagrees. The nomenclature of a document is not determinative of its character. *See In re Benich*, 811 F.2d 943 (5th Cir. 1987); *Johnson v. Cherry*, 726 S.W.2d 4 (Tex. 1987). The court notes that the term "insurance" is also used to describe the property. Insufficient evidence was submitted on which the court can make a determination of whether the "Norman Fink 2001 Irrevocable Insurance Trust" qualifies as an insurance or annuity benefit that is exempt under section 1108.051. The Trustee also objected to this exemption on the basis that the Debtor failed to ascribe a value to it.

Debtor listed certain personal property on Schedule B

---

[1] Amended Schedule B lists the "Norman Fink 1999 Revocable Trust" and the "Norman Fink 2001 Irrevocable Insurance Trust."

-6-

without specifically listing each item's value.[2]  Of these, Debtor claimed an exemption for two of the items, children's clothing and Debtor's interest in the previously discussed "Norman Fink 2001 Irrevocable Insurance Trust."  Both were listed with "unknown" values.

Once a party objects to an exemption because the property lacks an identifying description and is of unknown value, a debtor must specifically identify and value each item claimed as exempt with particularity.  *See In re Wright*, 99 B.R. 339 (Bankr. N.D. Tex. 1989); *In re Young*, 297 B.R. 492; *Matter of Shurley*, 115 F.3d 333.  Without a valuation of exempt property, the Trustee is unable to make a determination on whether Debtor's exemptions were properly claimed.

Debtor did not appear at the hearing but was represented by counsel solely on the issue of the objection to exemption.[3]  No evidence was presented on behalf of Debtor other than his counsel's request for the court to take judicial notice of pleadings and his

---

[2] Amended Schedule B reflects that the following property had an "unknown" value:  women's clothing, children's clothing, Gulf Oil stock certificate-32 shares, Norman Fink 1999 Revocable Trust, Norman Fink 2001 Irrevocable Insurance Trust, personal injury claims, a "Series 6, 63 Group 1" intangible, 2 cats, residuals on previously sold insurance policies, One Pass Miles, membership at the Houstonian (a local health club), and an interest in Wherify Wireless stock.  See Trustee's Exhibit No. 1, Third Amended Schedules and Statement of Financial Affairs.

[3] Counsel for Debtor announced he was not representing Debtor as to the Trustee's turnover request.

counsel's announcement that Debtor was relying on the information provided in his sworn schedules.

In order for the court to properly determine the issues presented by the objection as to the children's clothing and the "Norman Fink 2001 Irrevocable Insurance Trust," the court concludes that Debtor must amend his schedules to set forth a specific dollar value on these items.[4]   Debtor must also amend his schedules to establish that the "Norman Fink 2001 Irrevocable Insurance Trust" is an exemption of the type covered by Section 1108.051 of the Texas Insurance Code.   Once the schedules are amended, the Trustee may determine whether to file further objections.   Upon Debtor's failure to timely file the amendments, the Trustee's objections are subject to being sustained.

The Trustee also requests turnover of all non-exempt property.   According to Debtor, some of the non-exempt property is in the possession of his wife, from whom he is separated.   Docket No. 65.   The Trustee contends that Debtor should turnover a Rolex watch and a snowglobe collection that the Debtor listed in his ASOFA as being held for another person, i.e., property owned by another person that the debtor holds or controls.   The answer to Question No. 14 of the ASOFA reflects that a Rolex watch, valued at

---

[4]     The court notes that determining that the children's clothing is non-exempt is of no real benefit to the Chapter 7 Trustee except for the fact that its value in a dollar amount affects whether the Debtor has exceeded his $60,000 personal property exemption.

-8-

$5,600, and a snowglobe collection, valued at $1,000, are being held at Debtor's address, but that these items are owned by Debtor's minor son, care of the minor son's mother.  No evidence was submitted by the Trustee to dispute Debtor's sworn statement concerning ownership of these items.  The court finds that the Trustee failed to establish that these items are owned by the Debtor and subject to turnover.  The court will deny the Trustee's request for turnover of these items without prejudice to the filing of an adversary proceeding.  As to any non-exempt property that is in the possession of a third person, the Trustee may file an adversary proceeding seeking turnover.  As to any non-exempt property in Debtor's possession, the court orders turnover.

Based upon the above Findings of Fact and Conclusions of Law, the Trustee's Objection to Exemptions are sustained in part and overruled in part and a separate Judgment will be entered in conjunction herewith.

SIGNED at Houston, Texas this 17th day of September, 2009.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE